IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARLAND G. LENOIR, III, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 07-CV-706-GKF-PJC |
| | ) |
| WALTER DINWIDDIE, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court in this 28 U.S.C. § 2241 habeas corpus action is Respondent's motion to dismiss petition (Dkt. # 5). Petitioner, a state inmate appearing *pro se*, has filed a response to the motion to dismiss (Dkt. # 8). Petitioner also filed a supplemental response (Dkt. # 10). Respondent alleges that this action should be dismissed as a result of Petitioner's failure to exhaust administrative remedies or as time-barred under 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the claims asserted in the petition are time-barred. Therefore, Respondent's motion to dismiss petition should be granted. The petition shall be dismissed with prejudice.

*BACKGROUND*

Petitioner is a state inmate, incarcerated at Dick Conner Correctional Center ("DCCC"). The record demonstrates that Petitioner entered Oklahoma Department of Corrections ("DOC") custody on April 30, 1993, following his convictions in Oklahoma County District Court, Case No. CF-1991-6316. Dkt. # 5, Ex. 1. Petitioner states that on July 7, 1998, he escaped from custody. See Dkt. # 1. On November 30, 2000, he was arrested in Orange County, Florida. Id. He was convicted on June 17, 2002, and sentenced to a term of five (5) years imprisonment, to be served in the Florida

Department of Corrections. Id. Pursuant to a detainer lodged by Oklahoma authorities, Petitioner was returned to DOC custody on August 4, 2005, after serving his Florida sentence. See Dkt. # 5, Ex. 1.

Effective February 1, 2006, Petitioner was approved for Level 3 earned credit status.[1] See Dkt. # 1, attached Affidavit of Petitioner, Ex. 4. Petitioner's Consolidated Record Card ("CRC") reflects, however, that he never actually earned credits at Level 3.[2] See Dkt. # 5, Ex. 1. Petitioner states that "[a]fter awhile I became concerned and inquired about my Level 3 promotion award." See Dkt. # 8 ¶ 4. On March 27, 2006, Petitioner submitted a "Request to Staff"[3] asking about his Level 3 status. See Dkt. # 5, Ex. 2 at page 4 of 4. In a response dated April 3, 2006, Ms. Rickman advised Petitioner that "you have escape points and cannot be a level 3 or 4 until they expire. See your case manager." Id. Petitioner then filed an "Inmate/Offender Grievance Report Form,"[4] assigned Grievance Number DCCC-06-024, requesting that he be allowed "to keep my Level 3 that was given

---

[1] Pursuant to Oklahoma statutes, the number of earned credits an inmate receives is based on his classification in one of four security class levels. See Okla. Stat. tit. 57, § 138. For instance, Class Level 4 prisoners earn forty-four credits per month toward early release while Class Level 1 prisoners earn zero credits. Class Levels 2 and 3 earn somewhere between zero and forty-four credits per month. Once a prisoner is assigned a particular classification, he is entitled to earn the specified number of credits for that classification. Id. Each earned credit is equal to one day of incarceration.

[2] Petitioner's promotion to Level 3 appears to have been erroneously approved because, as explained in response to his subsequent Request to Staff, he was ineligible for promotion to Level 3 or 4 due to his escape points. See OP-060213(III)(C)(2) (1997) (providing that any inmate with active escape points will not be eligible for promotion to Class Levels 3 or 4 until the points expire). Effective August 1, 2006, DOC policy provides that "[i]nmates with active escape points will not be eligible for promotion to Level 3 or 4 for 5 years." See OP-060107(I)(C)(2).

[3] A "Request to Staff" is a "two-way communication between staff and inmates [used] to resolve complaints/issues informally." See OP-090124(I)(B).

[4] A "Inmate/Offender Grievance Report Form" is the formal complaint used to seek administrative relief. See OP-090124(I)(A).

2

to me plus give me the enhanced credits I was given at A&R." Id. at page 2 of 4. In a Grievance Response signed April 20, 2006, the Facility Head[5] responded, *in toto*, as follows:

> You have failed to follow the instructions you received on your request to staff you sent to records. Records manager Carla Rickman told you to put in a request to your case manager, but instead you chose to put in a grievance to the warden. Your grievance is being returned to you unanswered until you have followed proper procedures, then if you still have an issue with your answer from your unit team you may grieve it. Relief Denied.

Id. at page 3 of 4. Petitioner did not file an appeal to the Administrative Review Authority.[6] Id. at page 1 of 4.

On April 23, 2006, in an apparent effort to comply with the instructions given by the Facility Head, Petitioner submitted a second "Request to Staff," asserting that refusal to place him at Level 3 and 4 was an *ex post facto* violation. See Dkt. # 5, Ex. 3 at page 6 of 6. On April 25, 2006, Staff Member Larry Cave responded, "Ex post facto applies to laws, not to policy. Relief as requested is denied."[7] Id. Petitioner then filed an "Inmate/Offender Grievance Report Form," assigned Grievance Number DCCC-06-030, asserting that the refusal to place him at Level 3 and 4 was an *ex post facto* violation. Id. at page 2 of 6. In a Grievance Response signed May 3, 2006, the Facility Head wrote the following:

---

[5]DOC's "Inmate/Offender Grievance Process" requires that the grievance be first submitted to the "Reviewing Authority," who is the facility head of the institution where the incident occurred. See OP-090124(I)(D).

[6]The "Administrative Review Authority" is the DOC Director, or his designee, to whom the formal grievance is submitted for final appeal. See OP-090124(I)(E).

[7]The Court notes that Mr. Cave's generalized response is inaccurate, as the *ex post facto* clause applies to agency rules as well as statutes. See, e.g., Smith v. Scott, 223 F.3d 1191, 1193-94 (10th Cir. 2000) (holding that Ex Post Facto Clause applies to agency rule because a legislative body "cannot escape the Constitutional constraints on its power by delegating its lawmaking function to an agency"). Respondent should insure that DOC staff members are kept apprised of the law on this point so that they may make accurate responses to inmate requests.

3

> This issue has already been addressed in grievance DCCC-06-024 due to your escape points you are not eligible for level 3 or 4 see grievance DCCC-06-024.

Id. at page 4 of 6. Petitioner appealed the decision to the Administrative Review Authority. On May 12, 2006, the grievance was returned with the following notation: "issue previously addressed in DCCC-06-024."[8] Id. at page 1 of 6.

On April 28, 2006, Petitioner submitted another "Request to Staff," requesting that his Oklahoma sentence be credited with time served in Florida. See Dkt. # 5, Ex. 4 at pages 6-7 of 7. On May 2, 2006, Carla Rickman responded that "you cannot receive time served while out on escape status. The crimes you committed and went to trial on were separate. Only time we can give you is where you were held on Escape [Warrant] only, [with all new charges] aside."[9] Id. at page 6 of 7. On May 9, 2006, Petitioner filed an "Inmate/Offender Grievance Report Form," assigned Grievance Number DCCC-06-036, requesting that his Oklahoma sentence be credited with time served in Florida. Id. at page 2 and 3 of 7. In a grievance response, signed May 18, 2006, the Facility Head wrote as follows:

> You cannot receive time served while on escape status. The crimes you committed while on escape status in Florida and went to trial on were separate from your Oklahoma time. The only time served you are eligible to receive is when you were held on escape warrant only, with all new charges aside. Your request for time served in Florida is denied.

Id. at page 4 of 7. Petitioner appealed the decision to the Administrative Review Authority. On May

---

[8] Petitioner's ineligibility for promotion to Level 3 or 4 was discussed in the informal Request to Staff, but not in the formal grievance assigned number DCCC-06-024.

[9] A portion of the response is illegible due to placement of a "Received" stamp over the writing. It appears, however, that in a subsequent response to Petitioner's grievance, the Facility Head quoted Ms. Rickman's response to Petitioner's Request to Staff.

4

30, 2006, the grievance was returned, marked "out of time from date of incident."[10] Id. at page 1 of 7.

On October 31, 2006, or five (5) months after the conclusion of administrative proceedings, Petitioner filed a petition for writ of habeas corpus in Osage County District Court, Case No. WH-06-625. See Dkt. # 5, Ex. 5. He asserted that he would be entitled to immediate release if he were granted relief on one (1) claim, that he was improperly denied credit to his Oklahoma sentence for time served in custody in Florida. See Dkt. # 1, attached copy of petition. By order filed May 25, 2007, see Dkt. # 5, Ex. 6, the state district court denied habeas corpus relief. Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). By order filed June 27, 2007, see Dkt. # 5, Ex. 8, the OCCA determined that Petitioner was not entitled to immediate release and denied his petition for writ of habeas corpus.

On December 20, 2007, or almost six (6) months after the OCCA denied habeas corpus relief, Petitioner filed this federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner identifies one (1) cause of action as follows: "I was denied credit for time served on my Oklahoma sentence." Dkt. # 1. In his "summary of facts" accompanying his petition, Petitioner also complains that DOC has refused to promote him to Level 3 or 4 in violation of his right to due process. Id. Giving liberal construction to Petitioner's *pro se* pleading, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court will consider two (2) claims in this action: (1) DOC failed to credit

---

[10]Pursuant to DOC policy, the inmate must submit his "Request to Staff" within seven calendar days of the incident. OP-090124(IV)(B)(2). The grievance must be submitted within 15 calendar days of the incident or the date of the response to the "Request to Staff," whichever is later. OP-090124(V)(A)(1). The inmate may appeal the results of his grievance to the Administrative Review Authority within 15 calendar days of receipt of the response from the Facility Head. OP-090124(VII)(B). Because the grievance appeal for DCCC-06-036 was timely, the response from the Administrative Review Authority indicates that Petitioner submitted the grievance itself out of time.

Petitioner's Oklahoma sentence with time served in Florida, and (2) DOC refused to promote Petitioner to Level 3 or 4 in violation of due process and *ex post facto* principles. In response to the petition, Respondent asserts that the petition should be dismissed for failure to exhaust administrative remedies or as time barred.

## *ANALYSIS*

**A. Consideration of the petition is not precluded by the exhaustion requirement**

A habeas petitioner is "generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion of state remedies includes both administrative and state court remedies. Clonce v. Presley, 640 F.2d 271, 273-74 (10th Cir. 1981) (stating that a prisoner must "exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus").

In requesting dismissal of this action for failure to exhaust, Respondent asserts that Petitioner failed to follow proper procedures in attempting to exhaust his administrative remedies. The Court disagrees. As to his *ex post facto* claim, Petitioner filed two separate grievances. The first, No. DCCC-06-024, was denied by the Facility Head as a result of Petitioner's failure to first request relief from his case manager. Rather than appeal that ruling, Petitioner submitted a request to staff to Larry Caves. After Mr. Caves denied relief, Petitioner filed his second grievance, No. DCCC-06-030. That grievance was also denied by the Facility Head. Petitioner appealed to the Administrative Review Authority where the grievance was returned with the notation: "issue previously addressed in DCCC-06-024." The record also reflects that Petitioner pursued administrative remedies as to his request to have his Oklahoma sentence credited with time served in Florida. A grievance dated May 9, 2006, No. DCCC-06-036, was denied on May 18, 2006. On May 30, 2006, his administrative

6

appeal was returned unanswered because the grievance was untimely.

Those efforts by Petitioner are sufficient to satisfy the exhaustion of administrative remedies requirement for both his *ex post facto* claim and his sentence credit claim. To the extent the claims were not addressed by DOC officials due to Petitioner's failure to follow procedures, the Court finds it would be futile to require Petitioner to pursue additional administrative relief. In addition, given the disposition of the petition as time-barred, as discussed in sections B and C below, the Court finds it unnecessary to address any procedural bar ramifications resulting from the administrative rulings.

As to the requirement that Petitioner exhaust state judicial remedies, the Court again finds that consideration of Petitioner's claims is not precluded by the exhaustion requirement. Petitioner presented his sentence credit claim to the state courts in his petition for writ of habeas corpus. Relief was denied by the OCCA. There is no adequate state judicial remedy for Petitioner's *ex post facto* and due process challenges to DOC's refusal to place him at Level 3 or 4. See Gamble v. Calbone, 375 F.3d 1021, 1026-27 (10th Cir. 2004), *superseded by statute as stated in* Magar v. Parker, 490 F.3d 816 (10th Cir. 2007) (finding that Oklahoma enacted a new statute, Okla. Stat. tit. 57, § 564.1 (West 2007), providing for judicial review of due process afforded prisoners in disciplinary proceedings). As a result, it would be futile to require Petitioner to seek relief on his *ex post facto* claim in state court. Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005).

**B. *Ex post facto*/due process claim related to classification level is time-barred**

The Court finds that Petitioner's *ex post facto*/due process claim based on DOC's failure to promote him to Level 3 or 4 is barred by the one-year statute of limitations. The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year limitations period provided by § 2244(d)(1) and the tolling provisions of § 2244(d)(2) apply to claims asserted by a state prisoner in a § 2241 petition. Burger v. Scott, 317 F.3d 1133 (10th Cir. 2003).

Petitioner's § 2241 claims asserted in the petition accrued under 28 U.S.C. § 2244(d)(1)(D) (providing that the one-year period may begin to run when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). The Tenth Circuit has held that where "a petitioner *timely and diligently* exhausts his administrative remedies, § 2244(d)(1)(D)'s one-year time limitation does not commence until the decision rejecting his administrative appeal becomes final." Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006).

The record demonstrates that Petitioner knew that he was not receiving Level 3 sentence credits by April 3, 2006, when he received the response from Ms. Rickman that he was not eligible for Level 3 or 4 because of his escape points. Under Dulworth, 442 F.3d at 1268, however,

Petitioner's *ex post facto* claim accrued, at the latest, on May 12, 2006, the date his second administrative appeal, for DCCC-06-030, was returned indicating the *ex post facto* claim had been previously addressed. Therefore, pursuant to § 2244(d)(1)(D), Petitioner's one year limitations period began to run on May 12, 2006, and Petitioner had until May 12, 2007, to file a timely federal petition for writ of habeas corpus challenging the administration of his sentence by the Oklahoma Department of Corrections based on a violation of the *ex post facto* clause. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Absent a basis for statutory or equitable tolling of the limitations period, Petitioner's petition, filed December 20, 2007, would be untimely as to the *ex post facto* claim.

Petitioner did not include his *ex post facto* claim in his state petition for writ of habeas corpus. See Dkt. # 1, attached petition. As a result, he is not entitled to tolling under § 2244(d)(2) for the time his state habeas corpus proceeding was pending. Furthermore, nothing in the record before the Court indicates that Petitioner is entitled to equitable tolling of the limitations period. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Petitioner failed to purse diligently his *ex post facto*/due process claim arising from DOC's failure to promote him to Level 3 or 4. As a result, the Court finds Petitioner is not entitled to equitable tolling of the limitations period. See Miller, 141 F.3d at 978. This claim is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's claim arising from DOC's failure to promote him to Level 3 or 4 shall be dismissed with

9

prejudice.

**C. Claim arising from DOC's failure to credit Petitioner's sentence with time served in Florida**

Under 28 U.S.C. § 2244(d)(1)(D), Petitioner's one-year limitations period commences when he could have discovered through the exercise of due diligence that he did not receive credit for time served in custody in Florida. Application of that standard leads the Court to conclude that Petitioner's sentence credit claim is also time barred. Petitioner's Consolidated Record Card ("CRC") reflects that he was returned to DOC custody from Florida on August 4, 2005. See Dkt. # 5, Ex. 1 at page 2 of 5. He was transferred from Lexington Assessment and Reception Center ("LARC") to DCCC on September 16, 2005.  Pursuant to statute, see Okla. Stat. tit. 57, § 138(I)(2) (2004), prisoners in custody of the DOC are provided an accounting of their accumulated time served. The accumulated time is tallied monthly and maintained by the institution where the term of imprisonment is being served. Id. A record of the accumulated time is sent to the administrative office of the Department of Corrections on a quarterly basis and provided to the inmate. Id.

Through the exercise of due diligence, Petitioner could have discovered the factual predicate of his claim based on his failure to receive credit to his Oklahoma sentence for time served in Florida by requesting an accounting following his return to DOC custody.  Thus, after his transfer to DCCC on September 16, 2005, he could have discovered from the monthly tally on his CRC that he had not been credited with time served in Florida by the end of September, 2005.[11] Therefore,

---

[11] In his response (Dkt. # 8) to the motion to dismiss, Petitioner states he was unaware that he was not given credit for time served in Florida until he requested and received a copy of his CRC sometime between receiving the response to his Request to Staff from Mr. Cave on April 25, 2006, and submitting his Request to Staff to Ms. Rickman on April 28, 2006. See Dkt. # 8 at ¶¶ 5-7. Petitioner has neither asserted that he encountered any difficulties in being provided a copy of his CRC at that time nor provided any reason why he did not request a copy of his CRC upon arrival at DCCC in September 2005.

pursuant to § 2244(d)(1)(D), the Court finds that Petitioner's one year limitations period began to run in early October 2005,[12] when Petitioner could have discovered through the exercise of diligence that his sentence had not been credited with time served in Florida, and he had until early October 2006, to file a timely federal petition for writ of habeas corpus challenging the administration of his sentence based on DOC's failure to credit his Oklahoma sentence with time served in Florida. See Hurst, 322 F.3d 1256. Absent a basis for statutory or equitable tolling of the limitations period, Petitioner's petition, filed December 20, 2007, would be untimely.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2), Petitioner did not file his habeas corpus challenge to the administration of his sentence in the state courts until October 31, 2006, or after expiration of the limitations period. As a result, Petitioner is not entitled to tolling of the limitations period based on § 2244(d)(2). See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (a collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations). The Court further finds no basis for equitable tolling of the limitations period. See Miller, 141 F.3d at 978.

In the alternative, if the Court were to credit Petitioner with the earliest date in the record reflecting that he actually knew he had not been credited with time served in Florida, then the claim

---

[12]Petitioner is not entitled to application of the principle stated in Dulworth because he did not pursue his administrative remedy in a timely manner. Dulworth, 442 F.3d at 1268 (holding that where a petitioner seeking 28 U.S.C. § 2241 habeas relief has "*timely and diligently*" exhausted his administrative remedies, § 2244(d)(1)(D)'s one-year time limitation does not commence until the decision rejecting his administrative appeal becomes final (emphasis added)). Petitioner's administrative appeal in DCCC-06-036 was returned on May 30, 2006, with the notation that the grievance was "out of time from date of incident." See Dkt. # 5, Ex. 4 at page 1 of 7.

11

would be timely. However, as discussed below, the claim would have to be denied because it is patently without merit. The latest possible date for commencement of the limitations period would be April 28, 2006, as the record reflects that date to be when the Petitioner submitted a "request to Staff" inquiring about the failure to be credited with time served in Florida. If the limitations period commenced on April 28, 2006, then absent a tolling event, Petitioner had until April 28, 2007, to file a petition for writ of habeas corpus.  On October 31, 2006, or prior to the April 28, 2007, deadline, Petitioner filed his state habeas corpus petition.  That action pended until June 27, 2007, or for 239 days. As a result, Petitioner's deadline for filing a federal petition would be extended 239 days beyond April 28, 2007, or until December 23, 2007.  Under that scenario, the petition filed December 20, 2007, was timely filed as to the sentence credit claim.

The sentence credit claim, however, is meritless. Nothing in the Constitution provides that an inmate is entitled to receive credit on a state sentence when he escapes from custody on that sentence and is subsequently incarcerated in another state for crimes committed while on escape. See Julian v. Harris, 482 F.2d 405, 409 (10th Cir. 1973) (prisoner on escape status from Leavenworth Penitentiary was not entitled to sentence credit for time served in custody following arrest in New Mexico) (citing Teague v. Looney, 268 F.2d 506 (10th Cir. 1959); Noll v. Board of Parole for Government of District of Columbia, 191 F.2d 653 (1951); and Doherty v. United States, 280 F.2d 35 (9th Cir. 1960)).  Furthermore, under Oklahoma law, a convicted defendant who is at liberty without having served his sentence "may be arrested as on escape and ordered into custody on the unexecuted judgment." Jenkins v. Currier, 514 F.3d 1030, 1034 (10th Cir. 2008) (quoting Ex parte Smith, 190 P. 1092, 1092 (Okla. Crim. App.1920); Hopkins v. North, 135 A. 367, 368 (Md. 1926) ("The decided weight of authority, and, in our opinion, the better reasoned cases, hold that,

where a prisoner secures his liberty through some illegal or void order, it is to be treated as an escape, and he can be retaken and compelled to serve out his sentence . . . .")).

In summary, even if Petitioner's claim arising from DOC's failure to credit his Oklahoma sentence with time served in custody in Florida were timely filed, the claim is without merit. Petitioner is not entitled to habeas corpus relief.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss (Dkt. # 5) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as time-barred.
3. A separate Judgment shall be entered in this matter.

DATED THIS 18th day of July 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma